IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JEFFREY C. BEDNARZ, | ) | CIVIL NO. 06-00220 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| CLAYTON FRANK, and THE | ) | TO DENY PETITION FOR WRIT OF |
| ATTORNEY GENERAL OF | ) | HABEAS CORPUS |
| THE STATE OF HAWAI`I, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## **FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the court is <u>pro se</u> Petitioner Jeffrey C. Bednarz's petition for writ of habeas corpus under 28 U.S.C. § 2254. As ordered, Respondents have filed a Preliminary Answer to the Petition. Bednarz filed a reply on October 10, 2006. After careful consideration of the Petition, the Preliminary Answer, Bednarz's Reply and the entire record before the court, the court finds that Grounds one, two, three and four are unexhausted and procedurally barred. Accordingly, the court RECOMMENDS that the Petition should be denied in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

On September 15, 2000, Bednarz was indicted by a Maui Grand Jury on Count One: Sexual Assault in the First Degree; and Count Two: Promoting Pornography for Minors.[1]  (Prelim. Answer at 2.)  On August 27, 2001, prior to impaneling a jury, Bednarz's Motion to Dismiss Count Three was granted.  (Id. at 3.)  Between August 27, 2001 and August 29, 2001, a jury trial proceeded before the Honorable Joseph E. Cardoza.  After lunch on August 29, 2001, a plea agreement was reached in which Bednarz agreed to change his plea from not guilty to guilty to the included offense of Sexual Assault in the Third Degree.  That same day, the Circuit Court of the Second Circuit, State of Hawai`i ("circuit court"), accepted Bednarz's plea and entered judgment in Bednarz's state criminal action CR. No. 00-1-0489(3).  Bednarz was convicted of sexual assault in the third degree, in violation of Hawai`i Revised Statute ("Haw. Rev. Stat.") § 707-732 (1)(e) (1993).  (Id. at App. B.)

On October 31, 2001, the circuit court sentenced Bednarz to an open five-year term of incarceration.  (Id. at App. H.)  On March 27, 2002, Bednarz was

---

[1] The facts related herein are taken from the state court record before the court.  See Preliminary Answer and Appendices.

served with a copy of the Minimum Term determination, which fixed his minium term of imprisonment at three years and six months.  (Id. at App. I.)

Bednarz did not file a direct appeal of his criminal conviction.  On May 28, 2002, however, Bednarz filed a Petition for Post-Conviction Relief under Hawai`i Rules of Penal Procedure ("HRPP") Rule 40 ("Rule 40 Petition") with the circuit court.  (Id. at App. J.)  Bednarz raised three grounds in his Rule 40 Petition:

> (1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea;
>
> (2) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant;
>
> (3) Denial of effective assistance of counsel.

(Id. at App. J.)

In Ground One, Bednarz argued that he was suffering adverse effects of medication (prednisone and danezole) causing an unsound or nonrational mind at the time of his plea agreement.  Bednarz set forth in Ground Two that the prosecution failed to test DNA swabs taken of the victim at the time of the incident.  Finally, in Ground Three, Bednarz asserted that his lawyer failed to call character witnesses after Bednarz had provided him with a list of potential witnesses.  (Id.)

      On April 16, 2004, the Honorable Joseph E. Cardoza, the same judge who presided at Bednarz's criminal trial, denied without evidentiary hearing, Bednarz's Rule 40 Petition.  Judge Cardoza held that (1) based on the fact that Bednarz did not complain of any problems and did not appear to the court to be ill, in physical discomfort, or disoriented when he responded to the court's questions during the change of plea proceeding and at sentencing, and that Bednarz also failed to demonstrate how the medication prevented him from understanding his rights and the significance of the change of plea, Bednarz intelligently, knowingly, and voluntarily entered his plea of guilty (Id. at App. O, p. 4-8.);  (2) whether DNA tests would have influenced the outcome of the case is speculative in that Bednarz intelligently, knowingly and voluntarily entered a plea of guilty to a reduced charge, Bednarz did not complain about the effectiveness of the assistance he received in relation to DNA testing, but had he, the court was satisfied that Bednarz had not met his burden of establishing ineffectiveness of counsel (Id. at p. 8-10.); (3) Bednarz's allegations of ineffective assistance of counsel show no colorable claim, during the change of plea proceeding Bednarz did not mention any concerns relating to defense witnesses despite questioning by the court, when viewed as a whole the assistance Bednarz received was within the range of competence demanded of attorneys in criminal cases.  (Id. at p. 11-15.)

On May 17, 2004, Bednarz filed a Notice of Appeal of the circuit court's April 16 Order Denying, without Evidentiary Hearing, Petition for Post-Conviction Relief.  On September 20, 2004, Bednarz filed an opening brief with the Hawai`i Supreme Court and the Intermediate Court of Appeals of the State of Hawai`i ("ICA").  In his opening brief, Bednarz presented the following arguments:

> (A) Petitioner made a colorable claim that he was denied his constitutional rights to assistance of counsel pursuant to both the Hawai`i State and United States' constitutions because he was unduly pressured into changing his plea because his trial attorney compromised potentially meritorious defenses; and
>
> (B) The Trial Court erred by disallowing Petitioner a hearing on his claim that he should be allowed to withdraw his guilty plea.

(Id. at App. Q, p. 10-14.)

On December 20, 2005, the ICA issued a Summary Disposition Order within which the court held that the circuit court did not err in denying, without an evidentiary hearing, Bednarz's Petition for Post-Conviction Relief because "Bednarz's claims were either waived or patently frivolous and without a trace of support in the record or from other evidence submitted by Bednarz."  The ICA further stated that "Bednarz failed to support his ineffective assistance of counsel claims based on the failure to obtain witnesses with 'affidavits or sworn statements describing the testimony of the proffered witnesses.'"  (Id. at App. S, p. 2.)

On January 19, 2006, Bednarz filed an application for writ of certiorari with the Hawai`i Supreme Court. On January 31, 2006, the Hawai`i Supreme Court denied Bednarz's application for certiorari.

Nearly four months later on April 24, 2006, Bednarz filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254. On May 1, 2006, the court ordered Bednarz to amend his Petition to name the state officer that had custody over him at the time he filed the Petition. On May 15, 2006, Bednarz filed an Amended Petition, raising four grounds for relief:

> A. Ground One: That I the petitioner suffer's [sic] from and was suffering from "Steroidal Psychosis" during the time of the trial.
>
> B. Ground Two: I have always maintained that I wanted the DNA evidense [sic] cross matched with my DNA.
>
> C. Ground Three: I directly instructed my attorney to get someone to speak on the efficacy of the DNA evidence gathered in the case.
>
> D. Ground Four: Although I had a number of people who were willing to speak on my behalf my attorney wasn't all that interested in calling anyone to the stand.

(Amd. Petition at 6-11.)

## LEGAL STANDARD

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 402-04, 409 (2000). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). A federal court must presume the correctness of the state court's factual findings and can only be rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the "contrary to" clause of 28 U.S.C. § 2254(d)(1), a federal court may grant relief only when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme Court ("Supreme Court")] on a question of law or if the state court decides a case differently . . . on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. Under the section's "unreasonable application" clause, a federal court may grant relief only "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"Clearly established Federal law" under 28 U.S.C. § 2254(d)(1) denotes "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) (citations omitted). It refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions. Williams, 529 U.S. at 412. If Supreme Court precedent does not exist to create clearly established federal law relating to the legal issue the habeas petitioner raised in state court, then the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. See Dows v. Wood, 211 F.3d. 480, 486 (9th Cir. 2000).

## DISCUSSION

Under 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective. Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Court for the Eastern District of California (Gordon), 107 F.3d 756, 760 (9th Cir. 1997). A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-40

(1999); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

The issue before this Court is whether Bednarz fairly presented the claims set forth in his Petition to the highest state court, and further, whether he presented those claims as federal issues to the state court, and if not, whether there is an implied procedural default and procedural bar of those claims due to Bednarz's alleged failure to fairly present the federal nature of those claims to the state court.

I.      Ground One is Unexhausted.

Ground one of the Petition states "[t]hat I the petitioner suffer's [sic] from and was suffering from 'Steroidal Psychosis' during the time of trial." In support of this claim, Bednarz states

> [i]n my medical record that is supplied within the prosecutions opening brief is both the daily medication records and, and [sic] the writen [sic] concerns from Dr, [sic] DeSalvoabout [sic] my complaints of halucinations [sic] and all. His notation on what might be exacerbating my mental problems are clearly there. I was later treated for the adverse condition by the facility psychiatrist and given antipsychotics. I entered to the court a published medical report on the condition.

(Amd. Petition at 6.)

In the Opening Brief of his Rule 40 appeal, Bednarz argued that the he should be able to withdraw his guilty plea because the plea was not entered into

9

knowingly, voluntarily and intelligently.  Bednarz refers to his Rule 40 Petition wherein he set forth that his conviction obtained by a plea of guilty was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea because at the time of his plea agreement he suffered adverse effects of medication including prednisone and danezole.

Respondents argue that Ground One is unexhausted because Bednarz did not make any reference to a federal constitutional claim in his Rule 40 Petition or appeal to the ICA, and therefore, did not fairly present a cognizable federal claim in state court.  This Court agrees.

Although a petitioner need not exhaust all possible methods of state relief, exhaustion requires him to "fairly present" each issue in the federal petition to the highest court of the state.  Baldwin v. Reese, 541 U.S. 27, 27-28 (2004).  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by, 247 F.3d 904 (9th Cir. 2001).

A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone.  Gray v. Netherland, 518 U.S. 152, 163 (1996).  Mere similarity of claims between a state law claim and a federal law

claim is insufficient for exhaustion.  <u>Duncan</u>, 513 U.S. at 366; <u>see</u> <u>also</u> <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996).  A petitioner must make the federal basis of his or her claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  <u>See</u> <u>Lyons</u>, 232 F.3d at 668, 670.  ("[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." (citation omitted))

        Bednarz's claims on appeal were brought solely under state law. Bednarz relied solely on Hawai`i case law and made no reference to the United States Constitution or federal law in support of the argument that he suffered adverse effects of medication at the time of his plea agreement thereby suggesting that his plea was not entered into knowingly, voluntarily and intelligently. Bednarz could not have put the state court on notice that he was also raising a federal issue.  As Bednarz did not fairly present a cognizable federal claim in state court by referencing specific provisions of the federal constitution or statutes, or citing to federal case law, the court finds that Ground One is UNEXHAUSTED and should be DENIED.

II.     <u>Ground Two is Unexhausted.</u>

        In Ground Two Bednarz argues "I have always maintained that I

wanted the DNA evidense [sic] cross matched with my DNA." (Amd. Petition at 7.) Bednarz also states, however, "I told him [his lawyer] I wanted that done all along so please do that. He responds 'I can't it's already entered as evidence.' He knew I wanted that done." (Id. at 8.) Based on Bednarz's statement, it is unclear to the court what claim Bednarz is presenting. Specifically, whether Bednarz is arguing that he was prejudiced because the state failed to test the DNA evidence prior to his criminal trial or that his trial counsel's failure to test the DNA evidence deprived him of a defense .

In his Rule 40 Petition, Bednarz presented the same claim that he presents here. With regard to his Rule 40 Petition, the Circuit Court noted that Bednarz was not complaining about the effectiveness of the assistance he received. The Circuit Court went on, however, to analyze the claim as an ineffective assistance of counsel argument under state law. On appeal to the ICA, Bednarz only set forth an ineffective assistance of counsel claim alleging that his trial counsel's failure to test the DNA evidence deprived him of a defense.

Here, no matter what claim Bednarz intends to present, Ground Two is unexhausted. First, as set forth above, Bednarz did not present his claim, that the state failed to test the DNA evidence thereby prejudicing him, to the highest state court. See Baldwin, 541 U.S. at 27-28. Second, Bednarz failed to present his

ineffective assistance of counsel claim, wherein he alleges that his trial counsel's failure to test the DNA deprived him of a defense, as a cognizable federal claim in state court.  Specifically, as more fully set forth below, in support of his ineffective assistance of counsel claim, Bednarz referenced only one federal court decision.  Thereafter, Bednarz relied exclusively on state court decisions to present his claim.  Thus, the court FINDS that Ground Two is UNEXHAUSTED and should be DENIED.

III.    Grounds Three and Four are Unexhausted.

In his final two claims, Bednarz alleges ineffective assistance of trial counsel due to his attorney's failure to: (1) call an expert witness at trial who could "speak on the efficacy of the DNA evidence gathered in this case . . ." and (2) call character witnesses to testify on Bednarz's behalf.  (Amd. Petition at 9-11.)

The Court finds that Bednarz did not fairly present his claims of ineffective assistance of counsel as federal claims to the ICA.  In support of his ineffective assistance of counsel claim, Bednarz only cited Powell v. State of Ala., 287 U.S. 45, 71 (1932).  Specifically, Bednarz set forth that "[a]ppellant had a constitutional right to assistance of counsel.  This constitutional right is satisfied only when the assistance of counsel is 'effective.'" Id.

Although Bednarz cites Powell, the Ninth Circuit Court of Appeals has recently stated that a "[c]itation to a state case that discusses federal precedents does not necessarily put the state supreme court on notice that the petitioner is claiming a violation of a federal right." Galvan v. Alaska Dept. Of Corrections, 397 F.3d 1198, 1202 (9th Cir. 2005).

More importantly, Bednarz cites and relies on numerous Hawai`i state cases including State v. Briones, 74 Haw. 442, 848 P.2d 966 (1993). In Briones, the Hawai`i Supreme Court analyzed an ineffective assistance of counsel claim and explicitly rejected the "unduly burdensome" federal standard of review in such cases, holding that actual prejudice is not required to prove ineffective assistance of counsel claims in Hawai`i. Id. at 464, 848 P.2d at 977. The supreme court stated:

> "we have explicitly rejected the federal standard of review in ineffective assistance of counsel cases. In so doing, we have not only refused to equate the two standards cited in Hernandez but have also rejected the double burden imposed, as well as the remainder of Strickland's and its federal progeny's unduly restrictive view of what actions or omissions of counsel would constitute "ineffective assistance."

Id. at 464 n.12, 848 P.2d at 977 n.12. The standard for ineffective assistance of counsel in Hawai`i is more lenient than the federal standard applicable to whether an attorney performed as an ordinary, competent criminal attorney. State v.

Antone, 62 Haw. 346 348, 615 P.2d 101, 104 (1980) ("In assessing claims of ineffective assistance of counsel, the applicable standard is whether, viewed as a whole, the assistance provided [was] within the range of competence demanded of attorneys in criminal cases." (citation omitted)).  At no time did Bednarz raise a federal claim of ineffective assistance of counsel to the ICA.

Here, Bednarz's single citation to federal case law, did not sufficiently put the ICA on notice of any federal claim.  Accordingly, the court finds that Grounds Three and Four are UNEXHAUSTED and should be DENIED.

IV.   Bednarz's Claims are Procedurally Barred.

Respondents argue that, having failed to fairly present his claims to the ICA, Bednarz has procedurally defaulted those claims and is now procedurally barred from raising them in federal court.

As set forth above, a state prisoner must generally exhaust his available state court remedies before a federal court may consider his petition for a writ of habeas corpus.  28 U.S.C. § 2254(b); Rose, 455 U.S. at 515.  If, prior to the filing of the federal habeas petition, independent and adequate state procedural rules preclude the state courts from hearing the claim, the claim is procedurally barred in federal court.  Coleman v. Thompson, 501 U.S. 722, 729-730 (1991).  Although generally, there is no procedural default unless "the last state court rendering a

judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," Harris v. Reed, 489 U.S. 255, 263 (1989), this does not apply to an implied procedural bar where the petitioner has not yet fairly presented the claim to the highest state court but would be barred from presenting it upon return to state court.  See O'Sullivan v. Boerkel, 526 U.S. 838, 848-49 (1999).

Rule 40 of the Hawai`i Rules of Penal Procedure ("Haw. R. Pen. P.") states in pertinent part:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.  Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Haw. R. Pen. P. 40(a)(3).  This rule is independent of federal law, firmly established, and has been regularly followed since Bednarz was convicted.  See, e.g., State v. Ng, 105 Hawai`i 74, 77-78, 93 P.3d 1181, 1184-85 (Haw. Ct. App. 2004); Adams v. State, 103 Hawai`i 214, 220-21, 81 P.3d 394, 400-01 (2003); Fragiao v. State, 95 Hawai`i 9, 15-17, 18 P.3d 871, 877-79 (2001).  Each of these

cases examined Rule 40(a)(3), and upheld waiver of the claim where appropriate.

Here, Bednarz's unexhausted claims would be deemed waived if he were now to bring them to the Hawai`i Supreme Court as federal claims.  This is clear not only from the consistency with which Hawai`i has applied Rule 40(a)(3), but also from the ICA's denial of Bednarz's Rule 40 appeal, explicitly holding that "Bednarz's claims were either waived or patently frivolous . . ."  (Prelim. Answer App. S at 2.)  The court finds that Bednarz's unexhausted claims in Grounds One, Two, Three, and Four are procedurally defaulted in the state court.

A petitioner, however, can overcome procedural default and obtain federal review of the merits of his claims by implicating a "fundamental miscarriage of justice," Edwards v. Carpenter, 529 U.S. 446, 451 (2000), or by making an "adequate showing of cause and prejudice," Strickler v. Greene, 527 U.S. 263, 282 (1999); see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Carrier, 477 U.S. at 488-89 (examples include the unavailability to counsel of a factual or a legal basis for the claim, interference by state officials, or constitutionally ineffective assistance of counsel).  If the petitioner has not demonstrated cause for procedural default, the federal court need not consider the

issue of prejudice.  Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

In this case, Bednarz has not provided the court with a reason why he failed to adequately present his claims in state court by failing to present Grounds One, Two, Three, and Four as federal claims.  Bednarz does not allege that new factual or legal issues were unavailable to his counsel nor does he argue that state officials interfered with his lower court proceedings.  Moreover, Bednarz does not set forth a claim of ineffective assistance of appellate counsel for failure to present Grounds One, Two, Three, and Four as federal claims.  Accordingly, Bednarz has failed to establish cause for his procedural default, and the court need not consider the issue of prejudice.

Procedural default may also be excused for a fundamental miscarriage of justice.  See Carrier, 477 U.S. at 495.  A fundamental miscarriage of justice occurs if the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup v. Delo, 513 U.S. 298, 321 (1995); see also Carrier, 477 U.S. at 496 (noting that exception applies only in "extraordinary" cases).

Here, Bednarz speculates that he is innocent, but fails to present any evidence of his actual innocence.  As Bednarz fails to prove that he is actually

innocent, he is not entitled to relief from his procedural default.

## CONCLUSION

For the reasons set forth above, this Court FINDS and RECOMMENDS that Bednarz's Petition for Writ of Habeas Corpus should be DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 6, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Bednarz v. Frank, Civ. No. 06-220 DAE-LEK; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; heather\Habeas 06\Bednarz 06-220 (dny exh)