IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| JEFFERY C. BEDNARZ, | ) | CV. NO. 06-00220 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK and THE | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO DENY PETITION
FOR WRIT OF HABEAS CORPUS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner Jeffery C. Bednarz's

opposition to the Magistrate Judge's Findings and Recommendation to Deny

Petition for Writ of Habeas Corpus ("F&R"), the Court AFFIRMS the Magistrate

Judge's F&R.

BACKGROUND

On September 15, 2000, Bednarz was indicted on one count of Sexual

Assault in the First Degree and one count of Promoting Pornography for minors.

(F&R at 2.)  Bednarz's trial commenced on August 27, 2001.  (Id.)  On August 29,

2001, Bednarz agreed to plead guilty to the lesser included offense of Sexual

Assault in the Third Degree.  (Id.)  On the same day, the Circuit Court of the

Second Circuit, State of Hawai`i ("state court") accepted Bednarz's plea.  Bednarz

was convicted of Sexual Assault in the Third Degree in violation of Hawai`i

Revised Statute ("HRS") § 707-732 (1)(e) (1993).  (Id.)  The state court sentenced

Bednarz to an open five year term of incarceration with the minimum term of

imprisonment set at three years and sixth months.  (Id. at 2-3.)

On May 28, 2002, Bednarz filed, pro se, a Petition for Post-

Conviction Relief under Hawai`i Rules of Penal Procedure ("HRPP") Rule 40

("Rule 40 Petition").  (Id. at 3.)  Bednarz raised three points in his Rule 40 Petition.

First, he argued that his conviction was obtained by a guilty plea that was

unlawfully induced or not made voluntarily or with understanding of the nature of

the charge and the consequences of the plea, because he was suffering adverse

effects from prescribed medication (prednisone and danezole), which caused an

unsound or irrational mind at the time of his plea agreement.  (Rule 40 Pet. at 5.)

Second, Bednarz argued that the prosecution failed to disclose to him  evidence

favorable to his defense in violation of his constitutional rights, because the

prosecution failed to test DNA swabs taken from the victim at the time of the

2

incident.  (Id.)  Third, Bednarz alleged ineffective assistance of counsel because his lawyer failed to call character witnesses after Bednarz provided him with a list of potential witnesses.  (Id.)

On April 16, 2004, the state court denied without evidentiary hearing, Bednarz's Rule 40 Petition ("Rule 40 Order").  The state court found that: (1) Bednarz intelligently, knowingly, and voluntarily entered his plea of guilty because Bednarz did not complain of any problems and did not appear to the court to be ill, in physical discomfort, or disoriented when he responded to the court's questions during the change of plea proceeding and at sentencing, and that Bednarz did not demonstrate how the medication prevented him from understanding his rights and the significance of his change of plea (Rule 40 Order ay 8); (2) whether DNA tests would have influenced the outcome of the case is speculative in that Bednarz intelligently, knowingly, and voluntarily entered a plea of guilty to a reduced charge (id. at 9), Bednarz did not complain of the assistance he received from counsel in regard to DNA testing, and even if he had, Bednarz had not established ineffectiveness of counsel (id. at 10); and (3) Bednarz's allegations of ineffective assistance of counsel did not state a colorable claim because during the plea proceeding Bednarz did not mention any concerns relating to defense witnesses despite questioning by the court, and when viewed as a whole, the assistance

Bednarz received was within the range of competence demanded of attorneys in criminal cases.  (Id. at 12.)

Bednarz appealed the Rule 40 Order to the Intermediate Court of Appeals for the State of Hawai`i ("ICA").  (F&R at 5.)  On December 20, 2005, the ICA held in a Summary Disposition Order that the trial court did not err in denying, without an evidentiary hearing, the Rule 40 Petition because Bednarz's claims were either waived or patently frivolous.  (Bednarz v. State, No. 26578 at 2 (Haw. Ct. App. 2005)(unpublished disposition).)  The ICA also held that Bednarz's ineffective assistance of counsel claim failed because he did not provide affidavits or sworn statements describing the testimony of the proposed character witnesses. (Id.)

Bednarz filed an application for writ of certiorari ("Cert. Petition") with the Hawai`i Supreme Court which was denied on January 31, 2006.  (F&R at 6.)  In his Cert. Petition, Bednarz argued that the state court erred when it denied his motion to withdraw his guilty plea and that he was denied his constitutional right to assistance of counsel.  (Cert. Pet. at 4-10.)

On April 24, 2006, Bednarz filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  (F&R at 6.)  On May 15, 2006, Bednarz filed an amended petition ("Amended Habeas Petition").  (Id.)  In his Amended Habeas Petition,

4

Bednarz states four grounds for relief: (1) he was suffering from "Steroidal Psychosis" during the time of the trial ("Ground 1"); (2) he always maintained that he wanted biological evidence tested against his DNA ("Ground 2"); (3) he instructed his attorney to present an expert witness to testify on the efficacy of the DNA evidence gathered in this case ("Ground 3"); and (4) his attorney refused to call character witnesses, even though Bednarz notified the attorney of people who were willing to testify on his behalf ("Ground 4").  (Id.)

On December 6, 2006, Magistrate Judge Judge Kobayashi ("the Magistrate Judge") filed the F&R.  The Magistrate Judge concluded that Ground 1 was unexhausted because Bednarz did not refer to a federal constitutional claim when he raised this argument to the Hawai`i courts thus, he did not present a fairly cognizable federal claim in state court.  (Id. at 10.)  The Magistrate Judge also concluded that Ground 2 was unexhausted because Bednarz did not present this claim to the ICA (the highest state court that heard his case) and because he failed to fairly present any federal issue to the state courts.  (Id. at 12-13.)  The Magistrate Judge concluded that Grounds 3 and 4 were unexhausted because Bednarz failed to fairly present these claims as federal claims to the ICA.  (Id. at 13.)

The Magistrate Judge noted that because Bednarz failed to raise

cognizable federal claims in the state court proceedings, those claims were procedurally defaulted.  (<u>Id.</u> at 17.)  The Magistrate Judge found that Bednarz failed to show cause for his failure to raise his federal claims in state court and therefore, the procedural default could not be excused on the grounds of cause and prejudice.  (<u>Id.</u> at 18.)  Furthermore, the Magistrate Judge found that Bednarz had failed to show that denial of the petition would result in a fundamental miscarriage of justice (i.e., that an innocent person would be convicted) because Bednarz failed to prove that he is actually innocent.  (<u>Id.</u> at 18-19.)

Bednarz, pro se, filed his Opposition to the Magistrate Judge's F&R ("Opposition") on December 20, 2006.  Bednarz raises a variety of arguments in his Opposition, which can be distilled as follows.  First, Bednarz argues that the Magistrate Judge erred in finding that he did not fairly present his claims as arising under federal law because he cited <u>Powell v. Alabama</u>, 287 U.S. 25 (1932) to the state courts, to support his ineffective assistance of counsel claim.  (Pet'r Opp. at 1.)  Second, Bednarz contends that the Court should retrospectively construe all his references to "Constitutional Rights" as relying on the Constitutions of Hawai`i and the United States, thus mandating a finding that he did fairly present his federal claims to the state courts.  (<u>Id.</u> at 2.)  Third, Bednarz argues that failure to grant this writ of habeas corpus would constitute a fundamental miscarriage of

justice because the DNA testing he desires could provide exculpatory evidence such that there is a "reasonable probability" that if the evidence had been available to the defense, the outcome of the trial would have been different.  (<u>Id.</u> citing <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).)  Fourth, Bednarz again raises the argument that his plea was not given intelligently and knowingly, because he was not in a rational state at the time of trial due to an adverse reaction to prescribed steroids known as "steroidal psychosis."  (<u>Id.</u> at 6.)  Finally, Bednarz raises again the argument that his trial counsel was incompetent because he failed to pursue DNA testing of the biological material collected from the victim.  (<u>Id.</u> at 8.)

<u>STANDARD OF REVIEW</u>

Any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a Magistrate Judge judge's case dispositive order, findings, or recommendations, the district court must make a <u>de novo</u> determination.  A <u>de novo</u> review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  <u>U.S. Pac. Builders v. Mitsui Trust & Banking</u>, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court

7

need not hold a <u>de novo</u> hearing, the court is obligated to arrive at its own

independent conclusion about those portions of the Magistrate Judge's findings or

recommendation to which objections are made.  <u>Id.</u>

   "The court may 'accept, reject, or modify, in whole or in part, the

findings or recommendations made by the Magistrate Judge.'  The judge may also

receive further evidence or recommit the matter to the Magistrate Judge with

instructions."  <u>McDonnell Douglas Corp. v. Commodore Bus. Machs.</u>, 656 F.2d

1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

<u>DISCUSSION</u>

   In his Amended Habeas Petition, Bednarz raised four grounds for

relief: (1) that he suffers from and was suffering from "Steroidal Psychosis" at the

time of the trial ("Ground 1"); (2) that he had maintained throughout the

proceedings against him that he desired to have biological evidence obtained from

the complainant compared to his DNA sample ("Ground 2"); (3) that his trial

counsel was ineffective because counsel did not call an expert to testify about the

efficacy of DNA evidence ("Ground 3"); and (4) that his trial counsel was

ineffective because counsel failed to call character witnesses when Bednarz

informed his counsel that such witnesses existed ("Ground 4").  Bednarz objects

generally to the Magistrate Judge's finding that all four grounds were unexhausted

8

and  procedurally defaulted.  The Court must now examine de novo whether these

grounds satisfy the standard for granting relief under 28 U.S.C. § 2254.

       In order for a petition for writ of habeas corpus to be granted under 28

U.S.C. § 2254, the applicant must have exhausted all available state court

remedies, shown there is an absence of available state corrective process, or

established that circumstances exist that render such process ineffective.  Rose v.

Lundy, 455 U.S. 509, 522 (1982); Calderon v. U.S. Dist. Ct for the E. Dist. of Cal.

(Gordon), 107 F.3d 756 760 (9th Cir. 1997).  A petitioner must present to the

highest state court a fair opportunity to rule on the merits of each and every issue

sought to be raised in federal court.  See, O'Sullivan v. Boerckel, 526 U.S. 838,

839-40 (1990); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

       If a petitioner's claims were not fairly presented to the highest state

court, the District Court must determine if those claims are procedurally barred.  A

federal habeas petition is procedurally barred from being reviewed in federal court

if there is an independent and adequate state procedural ground on which the state

could deny relief.  See Bennett v. Mueller,  322 F.3d 573, 580 (9th Cir. 2003)

(citing Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) (quoting Coleman

v. Thompson, 501 U.S. 722, 729-30 (1991)).  Even if a claim is procedurally

barred, a petitioner may still be entitled to relief if he or she can demonstrate cause

that a failure to review would result in, among other things, a fundamental

miscarriage of justice, such as the conviction of an innocent person.  See id. at 14

(citing Coleman, 501 U.S. at 750); see also, Bennett, 322 F.3d at 580.

In this case, Bednarz has not argued that state procedures are

unavailable.  In fact, Bednarz has availed himself of the state's post-conviction

relief procedures (HRPP Rule 40) and appeals to the ICA and Hawai`i Supreme

Court.  Thus, the issue before this Court is whether Bednarz "fairly presented" his

federal claims to the state courts, and if he did not, whether any exception applies

that would allow the Court to disregard the procedural default and grant relief.

A. Ground 1 Is Unexhausted

Bednarz maintains that his guilty plea was constitutionally defective

because he did not give it intelligently, knowingly, and while in a rational state of

mind because at the time of trial, he was suffering from "Steroidal Psychosis."

(Pet'r Amended Habeas Pet. at 6.)  Bednarz has been diagnosed with chronic

relapsing immune thromobcytopenic purpura, which is treated with a class of drugs

known as corticosteriods.  (Pet'r Opp., Ex. A.)  Bednarz claims that at the time of

trial, he was taking daily doses of the drug prednisone, a corticosteroid, which he

alleges caused adverse effects.  (Pet'r Opp. at 5.)  Thus, he claims he was unable to

make a knowing, intelligent, and voluntary plea of guilty.

10

On August 29, 2001, when Bednarz changed his plea to guilty, the state court engaged Bednarz in a colloquy to ensure that he was entering the plea voluntarily, intelligently, and knowingly.  (Hawaii v. Bednarz, Cr. 00-1-0489(3) (2d Cir.), Tr. Aug. 29, 2001 at 76-95.)  During that colloquy, in response to the court's questions, Bednarz made the following affirmations: (1) that he did not take any medication or drugs in the preceding forty-eight hours, and (2) that he was not feeling ill in any way.  (Id. at 78.)  Bednarz made the same affirmation on his signed plea agreement

In his Rule 40 Petition, Bednarz stated that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea because he was suffering adverse effects from the prescribed medications prednisone and danezole.  (Pet's Rule 40 Pet. at 5.)  In his Response, filed pro se, during the Rule 40 proceedings, Bednarz included a bare cite to the Sixth Amendment of the United States Constitution in support of this argument.

In his appeal to the ICA of the denial of his Rule 40 Petition, in which he was represented by counsel, Bednarz cited only to state cases in support of this argument.  (Pet'r Opening Br. at 10-12.)  Bednarz included, as Attachment "B" to his Opening Brief to the ICA, the text of the Fifth Amendment and the Fourteenth

Amendment, section 1 to the United States Constitution and Article I, Section 10

of the Hawaii State Constitution.  Bednarz did not, however, include any analysis

of the applicability or effect of the federal constitutional provisions as related to his

claim that his guilty plea was obtained illegally.  (Id.)

When Bednarz applied to the Hawaii Supreme Court for certiorari, he

again based his entire argument regarding the illegality of his guilty plea on state

cases, with no reference whatsoever to federal constitutional or statutory

provisions, or federal case law.  (Pet'r Cert. Pet. at 5-10.)

The foregoing summary of Bednarz's argument regarding the

illegality of his guilty plea clearly shows that Bednarz did not "fairly present" his

claims as federal claims to the state courts.  See, Baldwin v. Reese, 541 U.S. 27,

27-28 (2004).  Bednarz's broad allusions to federal constitutional provisions do not

satisfy the requirement that a petitioner fairly present his federal claims to the state

court in order to exhaust those claims.  Gray v. Netherland, 518 U.S. 152, 163

(1996).  Thus, Bednarz's claim that his guilty plea was obtained illegally is

unexhausted.

Bednarz's arguments to the contrary are unconvincing.  First, he states

that this Court should retroactively interpret all of his references to his

"Constitutional Rights" as referring to his rights under the United States

12

Constitution as well as the Hawai`i Constitution.  The Court simply cannot do this.  "Issues raised in a brief which are not supported by argument are deemed abandoned."  <u>United States v. Loya</u>, 807 F.2d 1483, 1487 (9th Cir. 1987) (citing <u>IOB v. Los Angeles Brewing Co.</u>, 183 F.2d 398, 401 (9th Cir. 1950)).  Thus, Bednarz abandoned his federal constitutional claims by failing to brief them.  Furthermore, because Bednarz was represented by counsel before the ICA and the Hawaii Supreme Court, the briefs submitted in those proceedings are not entitled to the liberal construction afforded to submissions by pro se parties.  <u>See</u>, <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1330 (9th Cir. 1986) (citation omitted).

Bednarz's second argument seems to be that because he cited cases from other states, the Hawai`i courts could not have concluded that his claim was based solely on Hawai`i law, and therefore, he "fairly presented" his federal claims.  This argument is wholly unconvincing.  Although it is true that Bednarz cited to cases from other states, that is not sufficient to "fairly present" his <u>federal</u> claims to the state courts.  In order to fairly present federal claims, a petitioner must make the federal basis of his or her claim explicit by referencing specific provisions of the <u>federal</u> constitution or statutes, or citing to <u>federal</u> case law.  <u>See</u>, <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-70 (9th Cir. 2000).  Citing to the case law of other states is clearly insufficient under this standard.

B. <u>Ground 2 Is Unexhausted</u>

The second ground for relief is that despite his requests to detectives and his trial counsel, swabs taken from the alleged victim were not tested against a sample of Bednarz's DNA.  Based on the Amended Habeas Petition, it is unclear whether Bednarz is claiming that he was prejudiced because the state failed to test the swabs or that his trial counsel provided ineffective assistance.  This ambiguity is of little import, as both claims would be unexhuasted.

In his Rule 40 Petition, Bednarz identifies this claim as asserting that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.  (Pet'r Rule 40 Pet. at 5.)  In his opening brief to the ICA, Bednarz incorporated the lack of DNA testing into his ineffective assistance of counsel argument and also asserted a separate constitutional right to have evidence gathered from the swabs tested against his DNA.  (Pet'r Opening Br. at 10-13.)  Bednarz cited only to state case law in support of his argument that he had a constitutional right to DNA testing; he did not cite to any federal constitutional or statutory provision, or federal case law in support of his argument.  (<u>Id.</u>)  Thus, Bednarz did not "fairly present" his federal claims to the ICA, and this ground is unexhausted.  <u>See</u>, <u>Baldwin</u>, 541 U.S. at 27-28.  As discussed above, the broad allusion to federal constitutional provisions,

14

manifested by attaching the provisions as an appendix to the brief, is insufficient to raise federal issues before a state court.  <u>Gray</u>, 518 U.S. at 163.

Bednarz's argument in his Cert. Petition is muddled – the theme of DNA testing runs through a jumbled series of argument regarding the legitimacy of the plea and the effectiveness (or lack thereof) of trial counsel.  What remains clear, however, is that Bednarz did not cite to any federal law supporting his argument that he is entitled to DNA testing.  (Pet'r Cert. Pet. at 7-10.)

If Bednarz is attempting to raise an ineffective assistance of counsel claim in his Amended Habeas Petition, that too would be an unexhausted claim.  In his Rule 40 Petition, Bednarz did not identify this ground as relating to ineffective assistance of counsel.  (Pet'r Rule 40 Pet. at 5.)  He explicitly marked it as an allegation that the prosecution violated his constitutional rights by withholding evidence favorable to his defense.  (Pet'r Rule 40 Pet. at 5.)  Thus, this argument was not exhausted before the Hawai`i courts because it was not raised.

C. <u>Ground 3 Is Unexhausted</u>

Regarding his third ground for relief, Bednarz contends that his trial counsel failed to render effective assistance because he did not call an expert witness to testify about the efficacy of DNA testing.  (Pet'r Am. Habeas Pet. at 9.)  This claim is clearly unexhausted.

15

In his Rule 40 Petition, the only argument Bednarz made under the ground that he identified as an ineffective assistance of counsel argument was that his lawyer failed to call any character witnesses, although Bednarz had provided him with a list of such witnesses.  (Pet'r Rule 40 Pet. at 5.)

In his Opening Brief to the ICA, Bednarz cites to only one federal case in support of his ineffective assistance of counsel argument.  (Pet'r Opening Br. at 10.)  Petitioner correctly notes that the constitutional right of a criminal defendant to counsel is satisfied only if the assistance of counsel is "effective." (Id. (citing Powell v. Alabama, 287 U.S. 45, 71 (1932).)  This single citation can not reasonably be said to "fairly present" federal claims to the state court.  The remainder of Bednarz's ineffective assistance of counsel argument is based on state cases setting state standards for what constitutes effective assistance of counsel. (Id. at 10-14.)  Thus, Bednarz failed to present any argument that his trial counsel was ineffective under any applicable federal standard; his only arguments were that his counsel was ineffective under the standards set forth by state courts.  As mentioned above, citation to the law of other states does not save this argument because the reliance on cases from these states does not put the Hawai`i state courts on notice that a party is presenting federal claims.  See, Lyons, 232 F.3d at 668-70.

16

In his Cert. Petition, Bednarz again cites only to state law to support his ineffective assistance claim.  (Pet'r Cert. Pet. at 4-10.)  In that argument, Bednarz makes a general reference to the "United States Constitution" (id. at 5) and cites again to <u>Powell v. Alabama</u> for the proposition that appointed criminal counsel must be "effective" (id. at 6), but beyond that, does not explain how the performance of his trial counsel failed to meet federal standards or requirements.

Based on the foregoing, it is clear that Ground 3 is unexhausted.

D. <u>Ground 4 Is Unexhausted</u>

Bednarz's final ground for relief is that his trial counsel was ineffective because he failed to call character witnesses, although Bednarz had provided him with a list of people who were willing to testify in this capacity. (Pet'r Am. Habeas Pet. at 11.)  Bednarz raised this claim as the third ground for relief in his Rule 40 Petition.  (Pet'r Rule 40 Pet. at 5.)  The state court ruled that Bednarz did not state a colorable claim for ineffective assistance of counsel because during the court's questioning of Bednarz at the time he changed his plea, Bednarz affirmed to the court that his counsel had discussed the case and the consequences of changing his plea with him, and that he was satisfied with the work his trial counsel had done.  (Rule 40 Order at 12-14.)  In his opening brief to the ICA, Bednarz's ineffective assistance of counsel argument is supported only by

17

state cases.  (Pet'r Opening Br. at 10-14.)  There is no mention of federal

constitutional or statutory provisions or federal case law that would justify relief on

this point beyond the naked citation to <u>Powell v. Alamaba</u>.  (<u>Id.</u>)  Likewise, the

argument presented in the Cert. Petition makes a bare citation to <u>Powell</u> and a

general reference to the "United States Constitution" (Pet'r Cert. Pet. at 5-6.)

Neither filing contains any analysis whatsoever of federal law.  Thus, the

ineffective assistance of counsel argument was not fairly presented as a federal

issue to the state courts, and is unexhausted.  <u>See</u>, <u>Lyons</u>, 232 F.3d at 668-70.

   E. <u>The Unexhausted Claims Are Procedurally Barred</u>

     Because this Court has determined that Bednarz's claims were not

fairly presented as federal claims to the highest state court, the Court must now

determine if those claims are procedurally barred.  A habeas petition is

procedurally barred from being reviewed in federal court if there is an independent

and adequate <u>state</u> procedural ground on which the state could deny relief.  <u>See</u>

<u>Bennett</u>,  322 F.3d at 580 (citations omitted).  Even if a claim is procedurally

barred, a petitioner may still be entitled to relief if he or she can demonstrate cause

that a failure to review would result in, among other things, a fundamental

miscarriage of justice, such as the conviction of an innocent person.  <u>Coleman</u>, 501

U.S. at 750; <u>see also</u>, <u>Bennett</u>,  322 F.3d at 580.

18

1.   <u>The Claims Are Procedurally Barred</u>

Having failed to fairly present his federal claims to the state court,

Bednarz would be prohibited from doing so now under the operation of

independent and adequate state law.  HRPP Rule (40)(a)(3) provides that

> an issue is waived if the petitioner knowingly and
> understandingly failed to raise it and it could have been
> raised before the trial, at the trial, on appeal, in a habeas
> corpus proceeding or any other proceeding actually
> conducted, or in a prior proceeding actually initiated
> under this rule, and the petitioner is unable to prove the
> existence of extraordinary circumstances to justify the
> petitioner's failure to raise the issue.  <u>There is a
> rebuttable presumption that a failure to appeal a ruling or
> to raise an issue is a knowing and understanding failure</u>.

Haw. R. Pen. P. 40(a)(3) (emphasis added).  This rule is independent of federal

law, and if applied, would constitute adequate state grounds for dismissal.  It is

highly likely that the Hawai`i Supreme Court would invoke this rule if Bednarz

attempted to exhaust his federal claims in state court at this late date inasmuch as

HRPP Rule 40(a)(3) has been applied regularly since Bednarz was convicted.  <u>See</u>,

<u>e.g.</u>, <u>State v. Ng</u>, 105 Hawai`i 74, 77-78, 93 P.3d 1181, 1184-85 (Haw. Ct. App.

2004); <u>Adams v. State</u>, 103 Hawai`i 214, 220-21, 81 P.3d 394, 400-01 (2003);

<u>Fragaio v. State</u>, 95 Hawai`i 9, 15-17, 18 P.3d 871, 877-79 (2001).  This likelihood

is even more apparent given the ICA's holding that the same claims, even when

initially brought under state law, were waived.  (Bednarz v. State, No. 26578 at 2 (Haw. Ct. App. 2005) (unpublished disposition).)  Bednarz has not presented any evidence to rebut the presumption that his failure to raise these claims was done with knowledge and understanding.  Thus, Bednarz's claims are procedurally defaulted and cannot be heard by the federal courts.  See Bennett,  322 F.3d at 580 (citations omitted).

Bednarz has one last hope.  If he can show cause and prejudice or that failure to hear his Amended Habeas Petition will result in manifest injustice, the federal courts may consider his claims notwithstanding the procedural defects.  Neither exception applies in this case.

In order to show cause, Bednarz must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 485 (1986).  Bednarz has provided no explanation for his failure to adequately present his claims as federal claims before the state courts.  He does not allege the discovery of new factual or legal issues that were unavailable to his counsel.  He does not allege that any state official interfered with his lower court proceedings.  He does not contend that his appellate counsel provided ineffective assistance of counsel for failure to state these claims as federal claims before the ICA and Hawai`i Supreme

Court.  Thus, Bednarz has not shown cause for the procedural default and the Court

need not consider the issue of prejudice.  See, Thomas v. Lewis, 945 F.2d 1119,

1123 n.10 (9th Cir. 1991).

Finally, a petition for habeas corpus may be considered despite

procedural default if the petitioner shows that failure to consider it would result in

a fundamental miscarriage of justice, such as the conviction of a defendant who is

actually innocent.  Carrier, 477 U.S. at 496.  In his Amended Habeas Petition,

Bednarz seems to claim that he is innocent, but offers no proof of his actual

innocence and does not actually profess innocence.  Liberally construing Bednarz's

Opposition to the Magistrate Judges F&R, it appears that his sole argument on this

point is that DNA testing has a "reasonable probability" of proving or disproving

guilt.  (Pet'r Opp. at 2-4.)  While this may be true as a general principle, Bednarz

has not demonstrated that DNA testing in this case is likely to prove his innocence.

In fact, testimony received at his trial would tend to negate such a contention.  The

doctor who examined the victim on the night of the incident testified that the swabs

taken from the victim's genital area were unlikely to contain any DNA because the

victim had changed clothes and urinated several times between the time of the

incident and the time of the exam.  (Tr. July 28, 2001, A. M. Session at 139:23-

140:22.)  Therefore, in this case, testing Bednarz's DNA against the swabs does

not present a "reasonable probability" that such test will prove Bednarz's

innocence because there is not a "reasonable probability" that the attacker's DNA

was still present on the victim's body at the time the evidence was collected.

Because Bednarz has not proved his actual innocence, he has not shown that failure

to hear his Amended Habeas Petition will result in manifest injustice, and the Court

will not excuse his procedural default.

CONCLUSION

For the reasons stated above, the Court AFFIRMS the Magistrate

Judge's Findings and Recommendation to Deny the Petition for Writ of Habeas

Corpus.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 1, 2007.



_____
David Alan Ezra
United States District Judge

Bednarz v. Frank, CV No. 06-00220 DAE-LEK; ORDER AFFIRMING
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY
PETITION FOR WRIT OF HABEAS CORPUS